# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:14-cv-00141-MR
### [Criminal Case No. 1:06-cr-00052-MR-DLH-1]

| | |
|---|---|
| DAVID WILLIAM GRAHAM, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* motion to vacate, set aside or correct sentence which he filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Petitioner's § 2255 motion will be denied and dismissed.

## I. BACKGROUND

On June 6, 2006, Petitioner was indicted by the Grand Jury in this District on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 1:06-cr-00052, Doc. 1: Indictment]. Petitioner was appointed counsel and soon entered into a written plea agreement with the Government wherein he agreed to plead guilty to one § 922(g) offense (Count 1), and the Government agreed to

dismiss the other § 922(g) count (Count 2) at sentencing. The plea agreement informed Petitioner of the minimum and maximum penalties upon conviction, which was no less than fifteen years imprisonment and no more than life imprisonment if Petitioner qualified as an armed career criminal under 18 U.S.C. § 924(e)(1).[1]  [Id., Doc. 10: Plea Agreement].

A U.S. Probation Officer prepared a draft of a presentence investigation report (PSR) in advance of Petitioner's sentencing hearing.[2] The PSR identified four prior state convictions in North Carolina for felony breaking or entering, which convictions were sustained in 1989 in Cleveland County Superior Court.  [Id., Doc. 7: PSR ¶¶ 28-29].  The probation officer concluded that these convictions qualified as violent felonies and therefore recommended that Petitioner should be designated as an armed career criminal under § 924(e)(1).  Petitioner's counsel filed objections to the draft PSR, arguing that Petitioner's prior convictions for felony breaking or entering should not be considered in determining whether he qualified as an armed career criminal because the convictions did not qualify as violent felonies under § 924(e)(1).  [Id. at 21-22].

---

[1] Under § 924(e)(1) a person qualifies as an armed career criminal if he or she has three or more previous convictions for either a violent felony or a serious drug offense. See also § 4B1.4 of the U.S. Sentencing Guidelines Manual (U.S.S.G.).

[2] The probation officer applied the 2005 version of the Guidelines.

On April 5, 2007, Petitioner appeared with counsel for his sentencing hearing before the Honorable Lacy H. Thornburg. The Court overruled Petitioner's objection to the armed career criminal enhancement and sentenced Petitioner to a term of 188 months' imprisonment. [Id., Doc. 15: Judgment in a Criminal Case]. Petitioner did not file a direct appeal. Instead, on May 30, 2014, Petitioner filed the present motion to vacate.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In his § 2255 motion, Petitioner argues that he does not qualify as an armed career criminal based on the Supreme Court's decision in Descamps v. United States, 133 S.Ct. 2276 (2013). Specifically, Petitioner argues that after the decision in Descamps, his North Carolina breaking or

entering convictions no longer qualify as violent felonies and therefore these convictions cannot support his designation as an armed career criminal. [Doc. 1].

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that a one-year period of limitation shall apply to a motion under 28 U.S.C. § 2255.  The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's criminal judgment was final on or about April 23, 2007; therefore, Petitioner must have filed his § 2255 motion within one year of that date in order for the motion to be considered timely filed under §

4

2255(f)(1). Petitioner, however, did not file his motion until May 2014. As such, his motion is clearly untimely under § 2255(f)(1).

Petitioner contends that his motion should be deemed timely filed pursuant to § 2255(f)(3) because he filed it within one year of the Supreme Court's ruling in Descamps. [Doc. 1 at 8]. Descamps, however, has not been made retroactively applicable to cases on collateral review. See United States v. McCloud, No. 1:01CR00014, 2014 WL 1370333, at *2 (W.D. Va. Apr. 8, 2014); Sullivan v. United States, Nos. 3:13-CV-581-RJC, 3:07-CR-109-RJC-1, 2013 WL 6153045, at *1 (W.D.N.C. Nov. 22, 2013). Thus, his motion cannot be considered timely filed under § 2255(f)(3).

Alternatively, Petitioner argues that he should be entitled to equitable tolling of the one-year statute of limitation. [Id. at 10]. In order to receive the benefit of the extraordinary remedy of equitable tolling, a petitioner must demonstrate that he has been diligently pursuing his claim for collateral relief, and that an extraordinary circumstance prevented him from timely filing a § 2255 motion. See Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner has not demonstrated any extraordinary circumstances which prevented the timely filing of his motion. Therefore, Petitioner is not entitled to any equitable tolling of the limitation period.

Even if Petitioner were entitled to equitable tolling, however, his motion would still be denied. Petitioner's argument that his convictions for breaking or entering under North Carolina law no longer qualify as violent felonies under Descamps is directly foreclosed by the recent decision in United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014), in which the Fourth Circuit held that a North Carolina conviction for breaking or entering falls within the generic definition of burglary as articulated in Descamps and therefore is an ACCA predicate offense.

**IV. CONCLUSION**

Based on the foregoing reasons, the Court concludes that Petitioner's § 2255 motion must be denied and dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is

6

debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 19, 2014

Martin Reidinger
United States District Judge